```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

UNITED STATES OF AMERICA,       :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO.  3:10-cr-00128-RNC
                                :
WILBERT BROWN,                  :
                                :
    Defendant.                  :

## RECOMMENDED RULING

On April 28, 2011, U.S. District Judge Robert N. Chatigny referred this case to me to conduct a competency hearing pursuant to 18 U.S.C. § 4241(c). For the reasons set forth below, the undersigned finds that the defendant is competent to stand trial.

I.  Background

The defendant was indicted on June 16, 2010 and arrested the following day. He is charged with violating the federal narcotics laws. On January 4 and 25, 2011, the defendant moved for a competency evaluation and hearing in accordance with 18 U.S.C. § 4241. (Doc. #350, 390.) On January 26, 2011, Judge Chatigny denied the first motion as moot and granted the second motion for a competency evaluation. (Doc. ##395, 396.) The court ordered that the defendant undergo a psychiatric evaluation to determine whether he is suffering from a mental or emotional disease or defect that renders him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. #396.)

Pursuant to the court's order, clinical psychologist Madelon

Baranoski, Ph.D. of the Yale School of Medicine, conducted a psychological assessment and competency evaluation of the defendant. Dr. Baranoski met with the defendant on multiple occasions. She reviewed various reports, interviewed the defendant's wife, probation officer and counselor, and conducted certain tests. Dr. Baranoski concluded that the defendant has "the capacity to understand the nature of the charges against him and to assist properly in his defense." (Report at 2.) Dr. Baranoski issued a thorough and exhaustive report of her findings.

On April 28, 2011, Judge Chatigny referred this case to me to conduct a competency hearing pursuant to 18 U.S.C. § 4241(c) and to issue a report and recommendation as to the defendant's competency. (Doc. #587.)

On May 9, 2011, I held a competency hearing during which Dr. Baranoski's report was admitted into evidence and filed with the court.[1] The defendant indicated that he had received and read the report. Both the defendant and the Government agree with Dr. Baranoski's conclusion.

II. Discussion

A court must declare a criminal defendant incompetent to stand trial if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect

---

[1] Because of the confidential medical information contained in the report, the report was filed under seal pursuant to D. Conn. L. Cr. R. 57(b)(3).

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). According to the Second Circuit, the determination of competency turns on whether the defendant has "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him." United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995). In assessing competency, "the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." Id. at 411.

Following a hearing in accordance with 18 U.S.C. § 4241(c), I find that the defendant is competent to proceed in this matter, that is, that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense.

III. Conclusion

Based on the foregoing, I recommend that the defendant be found competent.

A party may seek the district court's review of this recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties shall have fourteen (14) days from service of this report to serve and file written objections. See also 72.2 of the Local Rules for United States Magistrate Judges, United States

3

District Court for the District of Connecticut; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 9th day of May, 2011 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge